UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHERMAN M. HUBBARD,

    *Plaintiff,*                  CASE NO. 17-cv-13232

v.                            DISTRICT JUDGE THOMAS L. LUDINGTON
                             MAGISTRATE JUDGE PATRICIA T. MORRIS

NATIONWIDE LENDING CORP,
NEW CENTURY MORTGAGE CORPORATION,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
and SELECT PORTFOLIO SERVICING, INC.,

    *Defendants.*
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS (Doc. 3)

**I.    RECOMMENDATION**

In light of the entire record in this case, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss, (Doc. 3), be **GRANTED**, and that Plaintiff's Complaint, (Doc. 1), be **DISMISSED WITH PREJUDICE**.

**II.    REPORT**

On September 12, 2017, Plaintiff Sherman Hubbard filed a complaint in Alcona County Circuit Court naming Nationwide Lending Corporation ("Nationwide"), New Century Mortgage Corporation ("New Century"), Deutsche Bank National Trust Company ("Deutsche Bank"), and Select Portfolio Servicing, Inc. ("SPS"), as Defendants. (Doc. 1, Ex. A). Hubbard frames the suit as "an action to quiet title to real property . . . ." *Id.*, Complaint To Quiet Title. The dispute arises out of the mortgage Hubbard entered into

with Nationwide (which was subsequently assigned to other Defendants). Hubbard asserts that Defendants "have forged, fraudulently and criminally produced void documents to get the Plaintiff to pay twice for his note and mortgage." (*Id.*). On October 3, 2017, Defendants Select Portfolio Servicing and Deutsche Bank removed this action, (Doc. 1), and this Court overruled Plaintiff's objection thereto. (Docs. 5, 10).

On October 10, 2017, Defendants Deutsche Bank and SPS filed the instant Motion To Dismiss. (Doc. 3). Plaintiff filed a Response on October 23, 2017, (Doc. 9), to which Defendants replied. (Doc. 11). As such, this case is ready for report and recommendation without oral argument. *See* E.D. Mich. LR 7.1(f)(1).

### A. Factual Background

Plaintiff acquired a loan ("the Loan") from Nationwide on January 14, 2004. (Doc. 3, Ex. A). As the note shows, the Loan was secured by a mortgage ("the Mortgage") on 4297 North Poplar Road, Lincoln, Michigan 48742 ("the Property"). On January 27, 2004, the Mortgage was recorded in the Alcona County Records. (Doc. 3, Ex. B). Thereafter, it was assigned to New Century. (Doc. 3, Ex. C). And in February 2015, SPS executed and recorded an Affidavit Regarding Lost or Misplaced Assignment, documenting assignment of the Mortgage to Deutsche Bank as Trustee, in Trust for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2004-HE4 Mortgage Pass-Through Certificates, Series 2004-HE4. (Doc. 3, Ex. D). Countrywide Home Loans Servicing serviced the loan at origination, but then changed its name to BAC Home Loans Servicing, LP and "merged *de jure* with and into" Bank of America N.A. ("BANA") "and BANA became the servicer of the Loan." (Doc. 3, Ex. G). Around September 2012, SPS became the servicer. (*Id.*).

- 2 -

Following Plaintiff's filing for Chapter 13 bankruptcy protection in 2006—and dismissal of that case without a discharge in 2008—he alleges he made over $41,000 in payments via a bankruptcy trustee to BANA, which he contends were not properly applied. (Doc. 3, Ex. E); (Doc. 1, Ex. A, Statement of Facts). Plaintiff later defaulted on his loan payments and was denied a loan modification because he failed to return the permanent modification documents by the requested deadline. (Doc. 3, Ex. H).

On April 22, 2016, Plaintiff filed a lawsuit alleging SPS, Deutsche Bank, and BANA improperly handled funds paid pursuant to his bankruptcy proceeding, and accused them of breach of contract, fraud, and breach of a United States Department of Justice Settlement; this Court dismissed his complaint in its entirety. *See generally Hubbard v. Select Portfolio Servicing, Inc.*, No. 16-CV-11455, 2017 WL 3725475 (E.D. Mich. Aug. 30, 2017). Shortly after dismissal, Plaintiff filed the instant lawsuit in the Alcona County Circuit Court, alleging that Deutsche Bank and SPS "have absolutely no standing in Plaintiff's mortgage they have forged, fraudulently and criminally produced void documents to get the Plaintiff to pay twice for his note and mortgage," and that New Century and Nationwide engaged in fraudulent activity in connection with assignments of the mortgage in order to "facilitate" foreclosure on the Property. (Doc. 1, Ex. A, Statement of Facts & Legal Argument).

As is evident, this Court's recently-rendered decision in *Hubbard*, 2017 WL 3725475, dealt with an identical underlying factual scenario to the one presently at issue. *See generally* (Doc. 3, Exs. I, L, M, N). Specifically, both cases named as defendants SPS and Deutsche Bank, and alleged a similar factual scenario involving fraud with respect to

the same property, note, and mortgage. *Compare* (Doc. 1, Ex. A), *with* (Doc. 3, Ex. O). The only differences are that New Century and Nationwide were not joined to the prior suit, BANA was not joined to the instant suit, and the instant suit is described as "an action to quiet title to real property . . . ." (Doc. 1, Ex. A, Complaint To Quiet Title).

### B. Motion To Dismiss Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint with regard to whether it states a claim upon which relief can be granted. When deciding a motion under this subsection, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth . . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's

- 5 -

complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Indus.–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new," did not convert the motion to dismiss into a motion for summary judgment).

### C. Res Judicata - Claim Preclusion[1]

In their Motion To Dismiss, Deutsche Bank and SPS first contend that the doctrine of claim preclusion blocks Plaintiff's claims. (Doc. 3 at ID 72-75). "The doctrine of claim preclusion . . . prohibits 'successive litigation of the very same claim' by the same parties." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016), *as revised* (June 27, 2016) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). As the Restatement (Second) of Judgments § 24 explains:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. . . . What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

---

[1] I note that res judicata has been used to describe two related concepts: (1) claim preclusion; and (2) issue preclusion or collateral estoppel. *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 77 (1984). I address them separately as did the Defendants.

- 6 -

The Commentary that follows § 24 notes that a "claim" is understood "in factual terms" and made "coterminous with the [underlying] transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; . . ." To this end, a "transaction" is "the basis of the litigative unit or entity which may not be split." *Id.* Once appeals are exhausted, a case's final disposition may not be revisited. *Accord, e.g.*, *Mayers v. Tennesee Bd. of Regents*, 42 F. App'x 797, 798-99 (6th Cir. 2002) (claim preclusion bars "every cause of action litigated and every cause of action that could have been litigated"); *see Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927) ("[T]he cause of action was one and indivisible, and the erroneous conclusion [in the first action] cannot have the effect of depriving the defendants in the second action of their right to rely upon the plea of res judicata."); *cf. Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 402 (1981). This remains true even if—perhaps *especially* if—in the vanquished party's view, the prior case was wrongly decided. *See generally Hart Steel Co. v. Railroad Supply Co.*, 244 U.S. 294, 299 (1917) ("This doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the judgment is entitled to respect.").

The doctrine of claim preclusion clearly operates to bar all of Plaintiff's claims against SPS and Deutsche Bank in the instant case. He seeks to quiet title to the Property

- 7 -

in his name, thereby challenging the validity of his foreclosure, and avers SPS and Deutsche Bank engaged in myriad forms of misconduct; his prior suit did the exact same thing, based on the exact same factual transaction. For this reason, all claims against SPS and Deutsche Bank should be dismissed.

### D.    Collateral Estoppel - Issue Preclusion

Defendants next contends that Plaintiff's Complaint is also barred by collateral estoppel. (Doc. 3 at ID 75-77). According to them, Plaintiff is collaterally estopped from challenging the validity of the foreclosure on his Property or the fact of his default in loan payments because the prior lawsuit settled any debate on those issues. (Doc. 3 at ID 76). "The doctrine of collateral estoppel 'reflects the longstanding policy that one full opportunity to litigate an issue is sufficient.'" *Shields v. Reader's Digest Ass'n*, 173 F. Supp. 2d 701, 704 (E.D. Mich. 2001) (quoting *Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999)). As the Sixth Circuit illustrated in *Hammer*, the doctrine applies only when the following conditions are met:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

195 F.3d at 840 (citing *United States v. Real Property Known and Numbered as 415 E. Mitchell Ave.*, 149 F.3d 472, 476 (6th Cir. 1998)).

As of this date, neither New Century nor Nationwide has moved to dismiss Plaintiff's Complaint. That SPS and Deutsche Bank raise this argument on their behalf,

however, has put Plaintiff "on notice of a potential res judicata defense." *Hutcherson v. Lauderdale Cty., Tennessee*, 326 F.3d 747, 757 (6th Cir. 2003). Moreover, and as discussed above, this Court is on notice that it has previously determined the validity of foreclosure on the Property and the fact of Plaintiff's default, and thus special circumstances justify consideration of the issue *sua sponte*. *Accord, e.g.*, *Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402, 418 (6th Cir. 2012) ("In 'special circumstances' we may address sua sponte the defense of [issue preclusion type] res judicata." (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000))); *Arizona*, 530 U.S. at 412 ("'[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying [issue preclusion type] res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.'" (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting))); *cf. Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 327 (6th Cir. 2013) (finding no "special circumstances" absent either of these factors). For this reason, I proceed to consider the issue of collateral estoppel as to Plaintiff's claims against New Century and Nationwide.

Juxtaposed, the issues common to Plaintiff's present case and his prior case—that is, the validity of foreclosure on the Property and the fact of Plaintiff's default on his loan payments—were central and conclusive to the prior case and remain as such to the new claims against New Century and Nationwide. As discussed above, both issues were actually litigated by Plaintiff and decided in *Hubbard v. Select Portfolio Servicing, Inc.*,

No. 16-CV-11455, 2017 WL 3725475 (E.D. Mich. Aug. 30, 2017). Plaintiff nowhere contends that he did not enjoy a full and fair opportunity to so litigate these issues, and the record would flout such a contention. For these reasons, the doctrine of collateral estoppel precludes Plaintiff's claims against New Century and Nationwide, and the Court should dismiss them.

### E. Conclusion

For the reasons set forth above, claim preclusion bars Plaintiff's claims against SPS and Deutsche Bank, while collateral estoppel bars Plaintiff's claims against New Century and Nationwide. Accordingly, **IT IS RECOMMENDED** that Defendant's Motion To Dismiss, (Doc. 3), be **GRANTED**, and that Plaintiff's Complaint, (Doc. 1), be **DISMISSED WITH PREJUDICE**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d

390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 29, 2018             S/ PATRICIA T. MORRIS
                                   Patricia T. Morris
                                   United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Sherman M. Hubbard at 4297 Poplar, Lincoln, MI 48742.

Date: January 29, 2018             By s/Kristen Castaneda
                                   Case Manager