UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHERMAN M. HUBBARD,

            Plaintiff,                        Case No. 17-cv-13232

v.                                             Honorable Thomas L. Ludington
                                                   Magistrate Judge Patricia T. Morris

NATIONWIDE LENDING CORP, et al

            Defendants.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION IN PART, GRANTING MOTION TO DISMISS, AND DISMISSING COMPLAINT**

On September 12, 2017, Plaintiff Sherman Hubbard filed a suit in Alcona County Circuit Court which named Nationwide Lending Corporation, New Century Mortgage Corporation, Deutsche Bank National Trust Company, and Select Portfolio Servicing Incorporated as Defendants. ECF No. 1. On October 3, 2017, the Defendants removed the case to federal court. ECF No. 1. All pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 6. On October 10, 2017, Defendants Deutsche Bank National Trust Company and Select Portfolio Servicing Incorporated filed a motion to dismiss. ECF No. 3. The remaining Defendants have not been served.

On January 29, 2018, Judge Morris issued a report recommending that the motion to dismiss be granted and the complaint dismissed. ECF No. 12. Hubbard timely objected, ECF No. 14, and the served Defendants have responded, ECF No. 15. For the following reasons, Hubbard's objections will be overruled, the report and recommendation will be adopted in part, the motion to dismiss will be granted, and the complaint will be dismissed.

# I.

The premise of the motion to dismiss and the basis on which Judge Morris recommended dismissal is the same. Hubbard previously filed an action involving two of the same parties and alleging the same misconduct. *See Hubbard v. Select Portfolio Servicing, Inc.*, Case No. 16-cv-11455. That action was dismissed because Hubbard failed to state a claim. Case No. 16-cv-11455, ECF No. 50. Hubbard appealed that dismissal. ECF No. 54. On June 7, 2018, the Sixth Circuit affirmed the dismissal. ECF No. 56.

In the Court's August 30, 2017, opinion and order adopting Judge Morris's report and recommendation in the first case, the Court summarized the allegations in Hubbard's complaint. Case No. 16-cv-11455, ECF No. 50. These allegations were all drawn directly from Hubbard's complaint. And it is, of course, axiomatic that at the pleading stage all well-pleaded allegations in a plaintiff's complaint are assumed to be true.

> . . . According to Hubbard, he is bringing claims of breach of contract and fraud. Compl. at 2, ECF No. 1. On January 14, 2004, Hubbard entered into an "Adjustable Rate Note" with Nationwide Lending. *Id.* The loan was assigned to Bank of America and then sold to Deutsche Bank. In 2008, Hubbard paid $41,887 to Bank of America during a bankruptcy proceeding. *Id.* at 3.2 In 2012, Select Portfolio Servicing became the loan servicer. *Id.*
>
> In 2013, Hubbard was informed that he would receive a loan modification pursuant to "the US Justice Department and State Attorney General's Global Settlement." *Id.* After making three trial payments of $1,375.74, Hubbard was informed that "the monthly payments would be Substantially less than $1,375.74 and the interest rate on the loan would be at market Rate of 2.75-3.75% The final loan modification offer was $136,000 loan amount Interest Rate of 8.78% and a monthly payment amount of $1375.74." *Id.* (sic throughout).
>
> Accordingly, Hubbard argues that Defendants "failed to perform on the federally ordered settlement by not offering [a]n at market interest rate at the time of the loan modification." *Id.* He alleges that "Defendants have knowingly and willfully . . . fraudulently deceived Plaintiff and Plaintiffs Attorney by having them submit loan modification documentation in excess of 15 time Each and every time claiming some form of paperwork is missing, incomplete, or Expired. Defendant has repeatedly changed or assigned a new loan servicer to Further delay the loan

> modification process." *Id.* (sic throughout). Hubbard further alleges that on "4 separate occasions defendant has offered loan modifications without Any paper work to plaintiff with deceptive open ended terms." *Id.*
>
> As a result of Defendants' alleged misconduct, Hubbard's home was foreclosed upon for "nonpayment of taxes." Id. He asserts that, because Defendants are unwilling to complete the mortgage modification mandated by the federal settlement, he is "unable to repair credit" and "unable to make necessary repairs to property." *Id.* at 4.

*Id.* at 1–3.

Hubbard's complaint in the present action includes similar allegations. He frames the action as one "to quiet title to real property" which he owns. Compl. at 1, ECF No. 1, Ex. A. Like in his original complaint, Hubbard alleges that he "entered into a note and mortgage with Defendant Nationwide Lending corp on January 14 2004." *Id.* at 2. He then alleges that on December 20, 2004, Nationwide "assigned the mortgage and note to Defendant New Century Mortgage Corporation." *Id.* Several weeks later, Nationwide "filed another assignment of mortgage to Defendant Deutsche Bank National Trust. *Id.* In 2008, Hubbard "filed chapter 7 bankruptcy." *Id.*

Years later, on February 10, 2015, "Defendant Deutchse Bank has Defendant Select Portfolio Serving file an affidavit regarding lost or misplaced assignment." *Id.* In March of 2015, Defendant Select Portfolio Servicing hired Trott and Trott to start a foreclosure proceeding." *Id.* Around the same time, "Plaintiff sent Trott and Trott a letter disputing Defendants claims." *Id.* According to Hubbard, "Defendant Deutchse Bank claims Plaintiffs' mortgage is part of a trust of pass through certificates." *Id.* Hubbard alleges that "this is impossible as the mortgage and note were not in possession of Deutsche Bank [but] in fact New Century Mortgage Corp still had possession of the mortgage and the note." *Id.*

Thus, the gravamen of Hubbard's factual allegations is that his mortgage was assigned by Nationwide to New Century, and so the later assignment to Deutchse Bank was invalid. Because New Century went bankrupt in 2008, Hubbard believes that the mortgage note has been "extinguished." *Id.* at 3.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health*

*and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

In her report and recommendation, Judge Morris concluded that Hubbard's present suit is barred by issue preclusion and claim preclusion. As to his claims against Deutsche Bank National Trust Company and Select Portfolio Servicing Incorporated (which were named Defendants in the first suit), Judge Morris concluded that his present claim arose out of the same factual transaction. For that reason, it was barred by res judicata. Judge Morris acknowledged that neither New Century nor Nationwide have been served (much less filed a motion to dismiss), but concluded that the issues "were central and conclusive to the prior case and remain as such to the new claims against New Century and Nationwide." Rep. & Rec. at 9, ECF No. 12. Because Hubbard previously enjoyed a full and fair opportunity to litigate these issues, Judge Morris recommended dismissal.

Hubbard, now represented by an attorney, has filed nine objections to Judge Morris's report and recommendation. The objections generally contend that Judge Morris and the Court made certain factual errors in their adjudication of the prior case and this case. Several of the alleged factual errors can in fact be traced to specific allegations in Hubbard's original complaint. But the primary assertion Hubbard makes (repeatedly) in his objections is that "[t]here was never any other valid assignment of Hubbard's mortgage [aside from to New Century] and the chain of title to resolve clear title in Hubbard requires a quiet title action." Objs. at 2, ECF No. 14. *See id.* at 2 (arguing, in Objection 2, that New Century was the loan servicer at origination); *id.* at 4 (arguing,

in Objection 3, that "the assignment from Nationwide Lending to Deutsche Bank occurred after the Mortgage had already been assigned to New Century Mortgage Corporation"); *id.* (arguing, in Objection 4, that "no one other than New Century Bank has or had any interest in Hubbard's mortgage"); *id.* at 5 (arguing, in Objection 5, the same thing); *id.* at 8 (arguing, in Objection 9, that Deutsche Bank's claim of assignment from Nationwide was "a void transaction").

Hubbard only directly challenges the legal basis for Judge Morris's recommendation that the complaint be dismissed in three objections. In his sixth objection, Hubbard argues that "the suit filed to quiet title in Alcona County Circuit Court" is not successive litigation that would warrant res judicata because "there are different parties and the case in Alcona County is singular in that it attempted to quiet title in the real property owned by Hubbard without any other claims that are found in the original law suit." *Id.* at 6. In his seventh objection, Hubbard takes issue with Judge Morris's conclusion that his claims are barred by issue preclusion. Several of Hubbard's arguments are especially telling:

> (2) The case was actually to be litigated in the prior action but the Court dismissed Hubbard's effort to proceed. (3) the resolution of the issues was necessary and essential to a Judgment on the merits in the prior litigation but the Court made factual errors leading him to the wrongful conclusion, all of which is on appeal. (5) The parties to be estopped had a fair and full opportunity to litigate the issue which never happened.

*Id.* at 7 (sic throughout).

And, in his eighth objection, Hubbard argues that neither New Century nor Nationwide should be dismissed sua sponte because "[o]nly New Century Mortgage Corporation which no longer exists has a right to foreclose Hubbard's mortgage." *Id.*

**A.**

According to the Sixth Circuit,

a claim will be barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prod. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (emphasis omitted).

All of these elements are met here with respect to Selective Portfolio and Deutsche Bank. His prior suit, which named those Defendants, was dismissed and that final order has been affirmed on appeal.[1] As discussed below, the factual argument he now makes (that any purported assignments of his mortgage to any company other than New Century are void) was raised below, albeit indirectly. And to the extent this argument was not raised originally, it should have been. *Prewett v. Weems*, 749 F.3d 454, 462 (6th Cir. 2014) ("The rule [of claim preclusion] prevents a plaintiff from 'splitting a cause of action' into separate lawsuits and requires him to litigate all the claims he can raise in one case."). *See Restatement (Second) of Judgments* § 24 (1982) (cited by *Prewett*). Hubbard now argues that the present suit raises a different cause of action, but "quiet title actions are remedies, not independent causes of action." *Berry v. Main St. Bank*, 977 F. Supp. 2d 766, 776 (E.D. Mich. 2013). *See also Restatement (Second) of Judgments* § 25 (1982) ("The rule [of claim preclusion] applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action."). Indeed, Hubbard's complaint in the present case does not clearly identify *any* causes of action. Because the two suits are materially identical both in factual and legal terms, Hubbard's present claim (to the extent one can be identified) against Selective Portfolio and Deutsche Bank is barred by claim preclusion.

---

[1] Hubbard's assertion that res judicata cannot bar his suit because the case is still on appeal is resolved by the Sixth Circuit's June 7, 2018, opinion.

**B.**

Hubbard also objects to Judge Morris's decision to sua sponte dismiss New Century and Nationwide based on the doctrine of collateral estoppel. In the Sixth Circuit, the doctrine of collateral estoppel applies

> only when (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Hammer v. I.N.S.*, 195 F.3d 836, 840 (6th Cir. 1999).

The Second Restatement defines the doctrine as follows: "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Restatement (Second) of Judgments* § 27 (1982).

It is questionable whether the issues Hubbard now raises were actually litigated on their merits in the prior litigation. In his motion for reconsideration, Hubbard argued that "it [sic] clear that no existing banking institution of any kind now in existence owns the original Hubbard mortgage nor does any such institution have standing to foreclose or otherwise have any proceeding against Plaintiff in any respect and to the extent they have tried, they are acting fraudulently causing Plaintiff damages." Case No. 16-cv-11455, Mot Recon. at 2, ECF No. 52. In denying that motion for reconsideration, the Court emphasized Hubbard's failure to state a claim:

> Hubbard's complaint was dismissed because he did not specifically allege facts sufficient to establish a claim for fraud and because the TARP and HAMP programs did not create a private cause of action. In other words, Hubbard's complaint was dismissed because he had not alleged a cognizable cause of action. Hubbard's current contention that Nationwide Lending Corporation (which originally provided the mortgage to him) is now out of business does nothing to change that conclusion. Hubbard alleges in his own complaint (and proposed amended

> complaint) that his mortgage was reassigned to Bank of America and then to Deutsche Bank. Compl. at 2, ECF No. 1–3. There is no allegation or reason to believe that the assignment was invalid. As such, it is not relevant whether Nationwide Lending Corporation is still in business or not. Hubbard's motion for reconsideration will be denied.

Case No. 16-cv-11455, September 19, 2017, Op. & Order at 2–3, ECF No. 53.

Thus, Hubbard previously raised the theory that he now relies on, and that theory was rejected. But the rejection was not premised on a conclusion that, as a matter of law, Hubbard's mortgage had been validly assigned to anyone. Rather, Hubbard's complaint was dismissed because the factual allegations in his complaint did not substantiate any cognizable causes of action. Given the context in which this issue was previously raised and its relevance to the Court's grounds for dismissal, it cannot be said that this issue was *actually* litigated in the prior action. For that reason, the report and recommendation will only be adopted insofar as it recommends dismissal of Selective Portfolio and Deutsche Bank.

However, as discussed above, the complaint in the present action does not include *any* causes of action, cognizable or otherwise. Hubbard requests that the Court quiet title, which is merely a remedy. And it is frankly unclear what claim Hubbard could advance against Nationwide and New Century. Hubbard's present theory is that Nationwide initially issued him the mortgage and then assigned that mortgage to New Century. Compl. at PageID.11. He contends that because that assignment was valid, the later attempted assignment to Deutsche Bank was invalid. In other words, under Hubbard's present theory, New Century is the valid possessor of the mortgage which Nationwide assigned. Neither company has harmed Hubbard in any way according to his allegations.

And regardless, or perhaps relatedly, Hubbard has not served either Nationwide or New Century. Federal Rule of Civil Procedure 4(m) provides the time limit for service:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court *must extend* the time for service for an appropriate period.

*Id.* (emphasis added).

The complaint was originally filed on October 3, 2017. The 90 day period elapsed in the beginning of January 2018. Judge Morris issued her report and recommendation that the complaint be dismissed on January 29, 2018. In the months since, Hubbard has made no apparent efforts to serve Nationwide and New Century and has not requested an extension of the time for service. Given Hubbard's apparent disinterest in serving these Defendants and the lack of any claims (or plausible theory of wrongdoing) against them, there is no good cause for this failure of service. Nationwide and New Century will be dismissed without prejudice.[2]

### IV.

Accordingly, it is **ORDERED** that Plaintiff Hubbard's objections, ECF No. 14, are **OVERRULED.**

It is further **ORDERED** that Judge Morris's report and recommendation, ECF No. 12, is **ADOPTED in part.**

It is further **ORDERED** that Defendants Selective Portfolio's and Deutsche Bank's motion to dismiss, ECF No. 3, is **GRANTED.**

It is further **ORDERED** that Defendants Selective Portfolio and Deutsche Bank are **DISMISSED with prejudice.**

---

[2] Because the claims against Selective Portfolio and Deutsche Bank must be dismissed on res judicata grounds, Hubbard's assertions that the Court made factual errors in the prior case are irrelevant. Those arguments should have been (and were) made during the original case, and the dismissal of that action has been affirmed by the Sixth Circuit.

It is further **ORDERED** that Defendants Nationwide Lending Corporation and New Century Mortgage Corporation are **DISMISSED without prejudice.**

Dated: July 10, 2018                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 10, 2018.

                    s/Kelly Winslow
                    KELLY WINSLOW, Case Manager