UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHERMAN M. HUBBARD,

                  Plaintiff,                            Case No. 17-cv-13232

v.                                            Honorable Thomas L. Ludington

                                              Magistrate Judge Patricia T. Morris

NATIONWIDE LENDING CORP, et al

                  Defendants.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On September 12, 2017, Plaintiff Sherman Hubbard filed a suit in Alcona County Circuit Court which named Nationwide Lending Corporation, New Century Mortage Corporation, Deutsche Bank National Trust Company, and Select Portfolio Servicing Incorporated as Defendants. ECF No. 1. On October 3, 2017, the Defendants removed the case to federal court. ECF No. 1. All pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 6. On October 10, 2017, Defendants Deutsche Bank National Trust Company and Select Portfolio Servicing Incorporated filed a motion to dismiss. ECF No. 3.

On January 29, 2018, Judge Morris issued a report recommending that the motion to dismiss be granted and the complaint dismissed. ECF No. 12. Hubbard objected, those objections were overruled, and the complaint was dismissed. ECF Nos. 14, 16. Now, Hubbard has filed a motion for reconsideration. ECF No. 18.

## I.

The procedural history and facts underlying this matter were summarized in the Court's July 10, 2018, opinion and order. Because it will aid in understanding Hubbard's present arguments, that summary will be reproduced in full.

Hubbard previously filed an action involving two of the same parties and alleging the same misconduct. *See Hubbard v. Select Portfolio Servicing, Inc.*, Case No. 16-cv-11455. That action was dismissed because Hubbard failed to state a claim. Case No. 16-cv-11455, ECF No. 50. Hubbard appealed that dismissal. ECF No. 54. On June 7, 2018, the Sixth Circuit affirmed the dismissal. ECF No. 56.

In the Court's August 30, 2017, opinion and order adopting Judge Morris's report and recommendation in the first case, the Court summarized the allegations in Hubbard's original complaint. Case No. 16-cv-11455, ECF No. 50. These allegations were all drawn directly from Hubbard's complaint. And it is, of course, axiomatic that at the pleading stage all well-pleaded allegations in a plaintiff's complaint are assumed to be true.

> . . . According to Hubbard, he is bringing claims of breach of contract and fraud. Compl. at 2, ECF No. 1. On January 14, 2004, Hubbard entered into an "Adjustable Rate Note" with Nationwide Lending. *Id.* The loan was assigned to Bank of America and then sold to Deutsche Bank. In 2008, Hubbard paid $41,887 to Bank of America during a bankruptcy proceeding. *Id.* at 3.2 In 2012, Select Portfolio Servicing became the loan servicer. *Id.*

> In 2013, Hubbard was informed that he would receive a loan modification pursuant to "the US Justice Department and State Attorney General's Global Settlement." *Id.* After making three trial payments of $1,375.74, Hubbard was informed that "the monthly payments would be Substantially less than $1,375.74 and the interest rate on the loan would be at market Rate of 2.75-3.75% The final loan modification offer was $136,000 loan amount Interest Rate of 8.78% and a monthly payment amount of $1375.74." *Id.* (sic throughout).

> Accordingly, Hubbard argues that Defendants "failed to perform on the federally ordered settlement by not offering [a]n at market interest rate at the time of the loan modification." *Id.* He alleges that "Defendants have knowingly and willfully . . . fraudulently deceived Plaintiff and Plaintiffs Attorney by having them submit loan modification documentation in excess of 15 time Each and every time claiming some form of paperwork is missing, incomplete, or Expired. Defendant has repeatedly changed or assigned a new loan servicer to Further delay the loan modification process." *Id.* (sic throughout). Hubbard further alleges that on "4 separate occasions defendant has offered loan modifications without Any paper work to plaintiff with deceptive open ended terms." *Id.*

As a result of Defendants' alleged misconduct, Hubbard's home was foreclosed upon for "nonpayment of taxes." Id. He asserts that, because Defendants are unwilling to complete the mortgage modification mandated by the federal settlement, he is "unable to repair credit" and "unable to make necessary repairs to property." *Id.* at 4.

*Id.* at 1–3.

Hubbard's complaint in the present action includes similar allegations. He frames the action as one "to quiet title to real property" which he owns. Compl. at 1, ECF No. 1, Ex. A. Like in his original complaint, Hubbard alleges that he "entered into a note and mortgage with Defendant Nationwide Lending corp on January 14 2004." *Id.* at 2. He then alleges that on December 20, 2004, Nationwide "assigned the mortgage and note to Defendant New Century Mortgage Corporation." *Id.* Several weeks later, Nationwide "filed another assignment of mortgage to Defendant Deutsche Bank National Trust. *Id.* In 2008, Hubbard "filed chapter 7 bankruptcy." *Id.*

Years later, on February 10, 2015, "Defendant Deutschse Bank has Defendant Select Portfolio Serving file an affidavit regarding lost or misplaced assignment." *Id.* In March of 2015, Defendant Select Portfolio Servicing hired Trott and Trott to start a foreclosure proceeding." *Id.* Around the same time, "Plaintiff sent Trott and Trott a letter disputing Defendants claims." *Id.* According to Hubbard, "Defendant Deutschse Bank claims Plaintiffs' mortgage is part of a trust of pass through certificates." *Id.* Hubbard alleges that "this is impossible as the mortgage and note were not in possession of Deutsche Bank [but] in fact New Century Mortgage Corp still had possession of the mortgage and the note." *Id.*

Thus, the gravamen of Hubbard's factual allegations is that his mortgage was assigned by Nationwide to New Century, and so the later assignment to Deutschse Bank was invalid. Because

New Century went bankrupt in 2008, Hubbard believes that the mortgage note has been "extinguished." *Id.* at 3.

## II.

Plaintiffs have filed a motion for reconsideration. Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

## III.

In his objections to the report and recommendation, Hubbard argued that the purported assignment to Deutsche Bank was invalid. In the Court's July 10, 2018, opinion and order, Defendants Select Portfolio and Deutsche Bank were dismissed with prejudice based on res judicata. Those Defendants had been named in Hubbard's first action, and thus "to the extent [the claims Hubbard raised in the second suit were] not raised originally, [they] should have been." July 10, 2018, Op. & Order at 7. Defendants New Century and Nationwide were not named in the first action. Accordingly, the claims against them were not barred based on res judicata. In her report and recommendation, Judge Morris recommended that the claims against New Century and

Nationwide be dismissed based on the doctrine of collateral estoppel. That doctrine only applies when an issue of law was actually litigated on its merits in the previous litigation. Because it was questionable whether that occurred here, the Court declined to dismiss New Century and Nationwide based on collateral estoppel. However, the Court noted that the two Defendants had not been served despite the deadline for service having long since passed. Accordingly, New Century and Nationwide were dismissed without prejudice.

Now, Hubbard has filed a motion for reconsideration. While he makes many arguments, none identify error in the Court's prior opinion.

## A.

First, Hubbard argues that the Court erred in dismissing New Century and Nationwide because the Defendants were, in fact, served. Specifically, he argues that

> Plaintiff served New Century Mortgage Corporation and Nationwide Lending Corporation by certified mail by serving them at their last known address and received back a notice that the certified letter was not deliverable as addressed and was not able to be forwarded. In addition to this file which is supported by the Proof of Service attached, Plaintiff actually sent by regular mail the same notice to the Registered Agents of record for each corporation at their last known address which was not returned.

Objs. at 2.

Hubbard's actions were insufficient to effect service pursuant to M.C.L. 2.105(D) (governing service of private corporations). Pursuant to the court rules, a corporation is to be served by serving a summons on an agent or officer of the corporation, "serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation" *and* sending a copy by registered mail to the principal office of the corporation, or by "serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business." *Id.* If the

corporation's term of existence has expired, service may occur by "sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if (a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law." *Id.* at (D)(4).

Importantly, officers or agents *cannot* be served by mail. *Walker v. Aleritas Capital Corp.*, No. 326354, 2016 WL 3749410, at *4 (Mich. Ct. App. July 12, 2016). *See also Bullington v. Corbell*, 293 Mich. App. 549 (2011) ("The court rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind."). The court rules do allow for "substituted service" pursuant to M.C.R. 2.2015(I)(1), but Hubbard did not seek leave of the state court for alternate service. Thus, New Century and Nationwide were never served, contrary to Hubbard's assertion.

## B.

Next, Hubbard argues that he has been prejudiced because the Court denied his request to amend his complaint in the original action. Specifically,

> In the Court of Appeals, Plaintiff proceeded on the basis that the amendment should have been granted and had it been granted, the issue presented would have been found in his favor. However, the Court of Appeals took the position that since the lower court did not allow the amendment, it did not happen and, accordingly, Plaintiff's fact and law based on the Amended Complaint which should have been granted fail on merit in the Court of Appeals and the appeal was denied.

Objs. at 3.

Hubbard thus argues this Court (and the Court of Appeals) refused to consider the new factual allegations he sought to add in an amended complaint. But Hubbard's argument fundamentally misses the reason why his original complaint and the complaint in this action were dismissed. The factual allegations in Hubbard's complaints are, of course, exceedingly relevant to

his requests for relief. But relevant factual allegations are only part of a viable complaint. The suit must also include a cognizable claim for relief which sets forth a valid legal theory entitling the plaintiff to relief. The Court has sought to liberally construe Hubbard's factual allegations at each stage of his various proceedings. But Hubbard has never satisfied the second element of a viable suit: a cognizable claim for relief. *See* Order Adopt Rep. & Rec. at 4–5, 7–9, Case No. 16-cv-11455, ECF No. 50 (finding repeatedly that Hubbard has not identified a claim upon which relief can be based); Order Deny Mot. Recon. at 2, Case No. 16-cv-11455, ECF No. 53 ("Hubbard's complaint was dismissed because he had not alleged a cognizable cause of action."); Order Adopt Rep. & Rec. at 7, Case No. 17-cv-13232, ECF No. 16 ("Hubbard's complaint in the present case does not clearly identify *any* causes of action.") (emphasis in original).

Hubbard's present motion for reconsideration appears to be premised on the idea his factual allegations can suffice to state a claim. That is simply inaccurate. Hubbard's motion for leave to file an amended complaint in the original action was denied because Hubbard had not identified any cognizable causes of action. *See* Order Adopt Rep. & Rec. at 11, Case No. 16-cv-11455, ECF No. 53. That conclusion was affirmed by the Court of Appeals. Because Hubbard had the opportunity to advance the factual allegations he continues to advance, but failed to identify their legal significance, his second suit was dismissed on res judicata grounds. Hubbard contends that, given his pro se status during the first suit, the outcome is unfair. *See* Objs. at 6. But the entire purpose of the doctrine of res judicata is to ensure finality of actions. Parties litigate at their own risk.

The majority of Hubbard's motion for reconsideration consists of generalized assertions of wrongdoing by Deutsche Bank and Selective Portfolio. These arguments largely reiterate claims previously made by Hubbard. These nonspecific arguments fall far short of identifying a palpable

error in the Court's prior opinion. Indeed, Hubbard never identifies the theory of relief upon which

he is relying. That fatal flaw has existed in Hubbard's complaints from the beginning to this end.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Hubbard's motion for reconsideration, ECF

No. 18, is **DENIED.**

Dated: July 31, 2018                                         s/Thomas L. Ludington
                                                                          THOMAS L. LUDINGTON
                                                                          United States District Judge

<div style="border:1px solid black; padding:10px;">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on July 31, 2018.

                                s/Kelly Winslow
                                KELLY WINSLOW, Case Manager

</div>